CHAPMAN *v.* FERNÁNDEZ.

APPEAL from the District Court of Mayagüez.

No. 38.—Decided April 28, 1905.

APPEAL—MORTGAGE—SUMMARY FORECLOSURE PROCEEDING—MORTGAGE DEBTOR.— An order made in a summary foreclosure proceeding directing that a second public sale of the mortgaged property be held is not an appealable order either in accordance with Articles 128 of the Mortgage Law and 175 of the Regulations for the execution thereof, or in accordance with section 295 of the Code of Civil Procedure.

The facts are stated in the opinion.
*Mr. García Cuervo,* for appellant.
*Mr. Smith,* for respondent.
MR. JUSTICE WOLF delivered the opinion of the court.

This was a summary proceeding brought on the 16th of January, 1904, by Herbert E. Smith to recover a mortgage credit of $1,688.47. The preliminary proceedings required by the Mortgage Law and its Regulations up to the time of the first auction were followed. At this auction there were two bidders, one bidding two-thirds of the value of the credit on condition that the money should remain on deposit until the preventive notice of the suit filed to declare null the summary proceedings should be cancelled. The other bid was made by Smith without condition. There were no other bidders. On the 9th of September, 1904, Smith having assigned his credit to James W. Chapman, the former in representation of the latter filed a motion to have the mortgaged property sold by the marshal at public auction.

The appellants opposed this application on the ground that no step was taken by the appellees as required by article 173 of the Regulations of the Mortgage Law, and because as required therein the court had not ordered the adjudication of the lands sold within ten days. The district court, however, notwithstanding the opposition of the appellants, ordered the property sold.

When the court below dictated its order on the 16th of September, 1904, either the Mortgage Law and its Regulations were in effect or they were not. If the Mortgage Law was in effect, then there was no authority in the court to order a second auction in the same summary proceeding, the moving party being limited to an ordinary suit as provided by section 173 of the Regulations of the Mortgage Law. If the Mortgage Law and its Regulations were not in effect, then there was no provision of law then in force which authorized this particular summary proceeding, which is apparently a mere continuation of the one begun on the 16th of January, 1904.

Unfortunately for the appellants there is no provision of law which authorizes them to appeal from this anomalous

order. In the case of *Cintrón Hermanos* v. *El Banco Terri-torial y Agrícola,* 6 P. R. Rep., decided by this court on the 17th of June, 1904, it was held that according to section 128 of the Mortgage Law and 175 of its Regulations, a debtor has no right of appeal. Neither does the Code of Civil Procedure give him such a right. The order appealed from is not the judgment prescribed by the first and second paragraphs of section 295 of the Code of Civil Procedure nor is it the judgment or order contemplated by the third paragraph of that section. The order may be an erroneous one but it does not come within the provisions of the Code of Civil Procedure. For these reasons the appeal must be dismissed.

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.